UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Scott Marlin Morey, | Case No. 18-cv-2331 (SRN/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff Titus, et al., | |
| Respondents. | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Scott Marlin Morey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1]. Petitioner named as Respondent Jeff Titus and Lori Swanson.[1]

Petitioner Scott Marlin Morey was convicted in Minnesota state court on multiple charges related to criminal sexual conduct. See, State v. Morey, No. A16-1364, 2017 WL 3222747 (Minn. Ct. App. July 31, 2017). In his petition for a writ of habeas corpus, Morey raises five grounds for relief, including ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and the discovery of evidence tending to establish his innocence. (See, Petition [Docket No. 1]). By his own admission, Morey has not exhausted these claims in the state court.[2] (See, Petition, [Docket No. 1], at 7); 28 U.S.C. § 2254(b) (establishing exhaustion requirement in habeas cases).

---

[1] Respondent Lori Swanson moves to be dismissed from these proceedings because she does not have custody over Morey, and therefore, she is not a proper respondent to these proceedings. (See, Motion to Dismiss [Docket No. 4]). Swanson is correct. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004). Should this Court's recommendation of dismissal for failure to exhaust state remedies be adopted, Swanson's motion is largely moot. In any event, however, Swanson's motion may be granted. See, e.g., Id.

[2] Morey did fairly present a prosecutorial misconduct claim in the state courts, see, Morey, 2017 WL 3222747, at *3–4, but the prosecutorial misconduct claim raised in his habeas petition differs in substance from the claim he raised on direct appeal.

1

Morey does not contend that this matter should go forward at this time despite his failure to exhaust state remedies. Rather, he asks for an extension of time in which to "proceed" with this litigation following exhaustion of the claims in state post-conviction proceedings. (See, Motion for Extension of Time [Docket No. 10]).

Construing his pleadings in his favor, the Court interprets Morey's motion for an extension of time as a request for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).[3] That request is denied.

Morey has not demonstrated good cause for the entry of a stay, a requirement under Rhines. Id. at 277. According to Morey, a stay is necessary so that he may present his unexhausted claims in a petition for post-conviction relief in state court and then (if necessary) return to federal court in pursuit of habeas corpus relief without running afoul of the one-year limitations period established by 28 U.S.C. § 2244(d). But § 2244(d)(2) tolls the limitations period during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." Thus, although Morey gets only a year in which to seek federal habeas corpus relief beginning from the date on which his conviction became final, see, 28 U.S.C. § 2244(d)(1)(A), the time in which the state post-conviction claims proceed through the state court is not counted against that year.

Morey's conviction did not become final until January 2018. See, Morey, 2017 WL 3222747, at *1; Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) ("It is settled that the conclusion of direct review includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." (quotation omitted)). Several months

---

[3] To the extent that Morey is requesting a prospective extension of the limitations period should new federal habeas corpus proceedings later become necessary, the motion is denied on the grounds that nothing in 28 U.S.C. § 2244(d) authorizes the Court to issue such a prospective extension and that, even if the Court did have such authority, Morey has not shown good cause for such an extension, for the reasons explained in the body of this Recommendation.

still remain on Morey's federal habeas limitations "clock." Morey has already identified the claims, and the factual basis for those claims, that he intends to present in state court. (See, Petition [Docket No. 1]). Nothing is stopping Morey from filing a state post-conviction petition today. And should he do so, Morey would have more than enough time to renew his habeas claims in federal court, if necessary, at the conclusion of the state-court litigation.

Accordingly, Morey's motion for an extension of time, interpreted by this Court as a request for a Rhines stay, should be denied. Morey's petition for a writ of habeas corpus should be dismissed without prejudice, as the claims in that petition have not been exhausted in the state courts, as fully admitted by Morey. See, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Morey's current habeas corpus petition differently than it is being treated here. Morey has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is accordingly recommended that Morey should not be granted a COA in this matter.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,
**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Scott Marlin Morey, [Docket No. 1], be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

2. Respondent Lori Swanson's Motion to Dismiss, [Docket No. 4], be **GRANTED**;

3. Morey's Motion for an Extension of Time, [Docket No. 10], be **DENIED**; and

4. No certificate of appealability be issued.

Dated: September 18, 2018         s/Leo I. Brisbois
                                  Leo I. Brisbois
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).